FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 DEC -5 P 2: 26
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CARL EDWARDS, III,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV507-070

STEVEN JACKSON, Judge, and
RICHARD CURRIE, District Attorney,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends he has been in jail for 22 months without having a preliminary hearing in his criminal case. Plaintiff asserts he has been indicted but has not had a bond hearing. Plaintiff also asserts Defendant Richard Currie, the District Attorney, is keeping him in jail without any evidence and that Defendant Steven Jackson, a Superior Court judge, is allowing this to happen.

Prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427, 96 S. Ct. at 991. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility

that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not alleged that Defendant Currie acted outside the scope of his position as the District Attorney, and, accordingly, Plaintiff cannot maintain a claim against Defendant Currie.

In addition, Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff fails to make any allegations which would indicate Defendant Jackson acted in the clear absence of jurisdiction. Accordingly, Plaintiff cannot sustain his claims against Defendant Jackson.

AO 72A
(Rev. 8/82)

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 5th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE